**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jose H.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General of the United States*; Markwayne Mullin, *Secretary of the Department of Homeland Security*; David J. Venturella, *Acting Director of United States Immigration and Customs Enforcement*; David Easterwood, *Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; Mike Stasko, *Warden of Freeborn County Adult Detention Center*, in their official capacities,

Respondents.

File No. 26-CV-4520 (JMB/LIB)

**ORDER**

---

Khalid Amer Abdl-Haleem, Chapman and Cutler LLP, Chicago, IL, for Petitioner Jose H.

David W. Fuller and Derek Ganzhorn, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David J. Venturella, and David Easterwood.

---

This matter is before the Court on Petitioner Jose H.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Todd Blanche, Markwayne Mullin, David J. Venturella, David Easterwood, and Mike Stasko as Respondents. (*Id.*) For the reasons explained below, the Court grants the Petition.

**FINDINGS OF FACT**

1. Jose H. is a 22-year old native and citizen of Honduras. (Doc. No. 8-1 at 1.)

2. In 2022, when Jose H. was 17 years old, he entered the United States without inspection as an unaccompanied minor at the U.S.-Mexico border near El Paso, Texas. (Pet. ¶¶ 11; Doc. No. 8-1 at 3; Doc. No. 8-4 at 1.)

3. Border Patrol agents detained Jose H. shortly after his arrival in the United States. (Pet. ¶ 2.) Pursuant to the statutory scheme governing unaccompanied minors, 6 U.S.C. § 279(g)(2) and 8 U.S.C. § 1232(b)(1), (c)(2)(A), Jose H. was placed in the custody of the Office of Refugee Resettlement (ORR).

4. On or around April 18, 2022, after determining that Jose H. did not pose a flight risk or a danger to the community, 8 U.S.C. § 1232(c)(2)(A), ORR released Jose H. to his mother in Maryland.[2] (*Id.* ¶¶ 2, 16.)

5. Jose H. lives in Sioux Falls, South Dakota, and has earned a living as a carpenter for the last two years. (*Id.* ¶¶ 2, 10, 17.)

6. Jose H. has no criminal record. (Doc. No. 8-1 at 3.)

---

[2] Despite the Court's specific order that Respondents to produce "any and all prior notices or orders of release or supervision that have ever been issued relating to Petitioner's detention or release, or, if none exist, then a statement to that effect" and the petitioner's entire immigration file (Doc. No. 5), Respondents did not even acknowledge Jose H.'s 2022 detention and release. (Doc. No. 7.)

7. On August 22, 2026, a South Dakota Highway Patrol trooper, Knuppe,[3] who also happens to be an Immigration and Customs Enforcement (ICE)-certified task force officer, stopped Jose H. in Sioux Falls and cited him for driving 1–5 miles per hour over the speed limit, having expired plates, and for driving without a valid license. (Pet. ¶ 18.) During the stop, Jose H. presented Knuppe with an identification document from Honduras. (Doc. No. 8-1 at 2.)

8. Knuppe reported to ICE contacts that he had a Honduran national detained in a traffic stop. (*Id.*)

9. Upon receiving the information from Knuppe, ICE Deportation Officer Tapia conducted a "records check"[4] and concluded that Jose H. was "present in the United States without lawful status." (*Id.*)

10. At some unknown time on August 22, 2026, ICE Supervisory Detention and Deportation Officer Cody issued a Form I-200 administrative warrant. (*Id.*; Doc. No. 8-2.)

11. The Form I-200 administrative warrant was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [Immigration and Nationality Act (INA)] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 8-2.) Thus, Respondents detained Jose H. pursuant to their authority under 8 U.S.C. § 1226.

12. Deportation Officers Tapia and Huls arrived at the scene of Knuppe's traffic

[3] Knuppe's first name is not in the record.

[4] The record contains no evidence concerning what records were reviewed, what information they contained, or how this information is collected.

stop of Jose H. (Doc. No. 8-1 at 2.) Once there, they took custody of Jose H. and transported him to the Minnehaha County Jail in Sioux Falls, South Dakota. (*Id.*; Pet. ¶ 19.)

13. Neither Deportation Officer Tapia or Hulz showed Jose H. a warrant or served it on him when they took him into custody. (Pet. ¶ 19.) Nor did anyone else.

14. The following day, on August 23, 2026, Tapia transported Jose H. from the Minnehaha County Jail in Sioux Falls, South Dakota to a nearby ICE office for "administrative processing" with Huls. (Doc. No. 8-1 at 2.)

15. At some unknown time during administrative processing, someone purported to serve Jose H. with the Form I-200 issued the day prior by Cody. (Doc. No. 8-2; Pet. ¶ 20.) It cannot be ascertained from the Certificate of Service on the Form I-200 who purported to serve it, as the person's signature is an illegible scribble with no notation of the person's rank, badge number, or title, as follows:


Name and Signature of Officer

(Doc. No. 8-2.)

16. Also on August 23, 2026, Cody issued a Form I-862 Notice to Appear (NTA) to Jose H., which charges Jose H. as removable for being present in the United States without having been admitted or paroled, INA § 212(a)(6)(A)(i), (a)(7)(A)(i)(I). (Doc. No. 8-3 at 1.) Huls served the NTA on Jose H. that same day. (*Id.* at 3.)

17. After processing, ICE transported Jose H. to the Freeborn County Adult

Detention Center in Albert Lea, Minnesota, where he has been detained ever since. (Pet. ¶ 20.)

18. Since being detained, Jose H. has lost his job and his apartment, and he has been unable to provide financial support for dependent family members. (*Id.* ¶ 21.)

19. On October 19, 2026, Jose H. filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.)

20. On October 19, 2026, the Court ordered Respondents to file a response to the Petition on or before 11:00 a.m. on October 21, 2026. (Doc. No. 5.) The Court expressly ordered that Respondents make an affirmative statement whether Respondents complied "with the Immigration and Nationality Act and accompanying regulations when they took Petitioner into custody." (*Id.*)

**DISCUSSION**

In his Petition, Jose H. seeks immediate release, arguing that his detention violates the requirements of the INA and accompanying regulations, as well as the Fourth Amendment of the U.S. Constitution and the Due Process Clause of the Fifth Amendment. In response to the Petition, however, Respondents argue that their detention of Jose H. comports with the requirements of due process and the terms of 8 U.S.C. § 1225(b)(2). For the reasons set forth below, the Court grants the Petition.

**A. Right to Habeas Relief**

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the

Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B. Inapplicability of 8 U.S.C. § 1225**

It is an undisputed matter of fact that Respondents detained Jose H. pursuant to their discretionary authority under 8 U.S.C. § 1226. The Form I-200 was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [INA] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 8-2.) In response to the Petition, however, Respondents advance a different basis for the detention of Jose H.: 8 U.S.C. § 1225(b)(2)(A), as interpreted by *Avila v. Bondi*, 170 F.4th 1128, 1133–35 (8th Cir. 2026) (concluding that section 1225(b)(2) requires the mandatory detention noncitizens, without any individualized determination and regardless of whether the noncitizen is encountered at the border at the time of entry or in the interior of the United States months, years, or decades after entry); *But see Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1180, No. 25-6842, 2026 WL 2196424, at *9, 16 (9th Cir. July 30, 2026) (rejecting Respondents' "new

interpretation" as inconsistent with "the assertedly unambiguous language of the statute" and because "it raises various textual and interpretive problems," citing similar holdings from the Second, Sixth, Tenth, and Eleventh Circuits).

This Court concludes that Respondents cannot now change the basis for the detention of Jose H. He was detained under section 1226 alone, and Respondents advance no legal argument to support the proposition that they can alter this fact through filing of their written responsive submissions. Thus, just as it is stated on the Form I-200 on which Jose H.'s detention is based, the Court concludes that the Respondents detained Jose H. pursuant to the framework of 8 U.S.C. § 1226. *See, e.g.*, *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at *2 (D. Minn. May 13, 2026) (rejecting respondents' contention that petitioner was subject to mandatory detention under section 1225(b) where Form I-200 warrant served during petitioner's arrest represented that detention was pursuant to section 1226); *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, at *2 (D. Minn. May 6, 2026) (same); *see also Espinoza Avalos*, No. 8:26-CV-0191, 2026 WL 1396593, at *1–3 (D. Neb. May 19, 2026).

**C. Violation of Applicable Regulatory and Statutory Requirements**

Having determined that Respondents have detained Jose H. pursuant to 8 U.S.C. § 1226, the Court considers Jose H.'s argument whether he was brought into custody pursuant to a valid warrant or pursuant to an authorized warrantless detention.[5]

[5] Although the Court ordered Respondents to address whether the detention of Jose H. complied with the INA and accompanying regulations (Doc. No. 5), Respondents make no

Respondents devote four lines of text in their 24-page response to Jose H.'s arguments challenging the validity of Respondents' detention procedures. (Doc. No. 7 at 23.) For the reasons discussed below, the Court concludes that Jose H. was not brought into custody pursuant to a valid warrant or an authorized warrantless detention.

Under the INA and supporting regulations, agents may detain a non-citizen either on a valid warrant or in accordance with applicable warrantless detention procedures. 8 U.S.C. § 1357; 8 C.F.R. § 287.8(c)(2)(ii); s*ee also Venancio P.J. v. Blanche*, No. 26-CV-2740 (ECT/JFD), 2026 WL 1862252, at *2 (D. Minn. June 29, 2026). DHS's "general procedures" for all "enforcement activities," including for the "conduct of arrests," requires that "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii). Here, Respondents violated applicable regulatory and statutory requirements in at least five respects.

First, the Form I-200 warrant is invalid because it issued prior to the NTA. Pursuant to 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, a [non-citizen] may be arrested and detained pending a decision on whether the [non-citizen] is to be removed from the United States." 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)."

---

argument that they complied with 8 U.S.C. § 1357, 8 C.F.R. § 287.8, or § 236.1. Because the facts underlying these violations are not contested, the Court grants the Petition.

(quotation omitted)). A Form I-200 is an administrative warrant which authorizes a non-citizen's detention if it is issued "[a]t the time of issuance of the [NTA], or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b) (emphasis added). Putting both rules together, DHS may take someone into custody using a Form I-200 only if the Form I-200 issues at the same time or after DHS issues an NTA. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1). Respondents did not follow this sequence. The record establishes that Respondents generated the NTA after the Form I-200 warrant—specifically, the Form I-200 on its face states that it was generated by Cody on August 22, 2026 (Doc. No. 8-2); however, Cody issued the NTA issued the next day, on August 23, 2026 (Doc. No. 8-3). Thus, the Court concludes that the Form I-200 warrant was plainly invalid under 8 C.F.R. § 236.1(d), and Jose H.'s detention was effected without a warrant.

Second, the Form I-200 warrant is also invalid because there are unspecified facts to which Respondents point as their basis for establishing probable cause for taking Jose H. into custody. The warrant relied on "biometric confirmation of the subject's identity and a records check of federal databases" as the determination for probable cause. (Doc. No. 8-2.) The Respondent's Form I-213 record for Jose H. states that an officer conducted a "records check" before concluding that Jose H. was not lawfully present in the United States. (Doc. No. 8-1 at 2.) However, this record includes no information concerning what records were checked, or how any agent reached the conclusion that Jose H. was "present in the United States without lawful status." There is no declaration describing the information reviewed or explaining what information is being stored and reviewed. More specifically, there is no information that any officer reviewed records from ORR before

reaching this conclusion. Thus, the Court cannot credit Huls's recollection of Tapia's research set forth in the Form I-831 absent some evidence in the record that points to how information about Jose H. that may be stored within DHS databases establishes probable cause that he is removable from the United States. *See Jaminton R.B. v. Mullin*, No. 26-CV-3091 (ECT/JFD), 2026 WL 2350324, at *2 (D. Minn. Aug. 13, 2026) (holding that a Form I-200 arrest warrant lacked probable cause because "[b]iometric confirmation involves the measurement or analysis of a unique physical or behavioral characteristic" whereas the "record contain[ed] no information showing . . . biometric confirmation of [Petitioner's] identity").

Third, the warrant is invalid because the serving officer cannot be identified. A Form I-200 administrative warrant—like the form under which authority Respondents took Jose H. into custody (Doc. No. 8-2)—is to be "issued only by those immigration officers listed in [section] 287.5(e)(2) . . . and may be served only by those immigration officers listed in [section] 287.5(e)(3)." 8 C.F.R. § 236.1(b)(1). Thus, DHS may detain a non-citizen using Form I-200 only if the Form I-200 indicates who the issuing and the serving immigration officers are. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1); *Tanneh W.S. v. Blanche*, No. 26-CV-2775 (LMP/EMB), 2026 WL 1801140, at *3 (D. Minn. June 23, 2026) (holding that a Form I-200 warrant was valid when both the issuing and serving officers' information verified them as deportation officers). This is because only immigration officers are "authorized to issue warrants of arrest under the relevant regulation." *Fernando C.C. v. Bondi*, No. 26-CV-1235 (LMP/JFD), 2026 WL 446408, at *5 (D. Minn. Feb. 17, 2026). Here, Respondents did not establish that they satisfied the

second requirement of 8 C.F.R. § 236.1(b)(1). Though the record presented establishes that the Form I-200 warrant was issued by SDDO Cody, it was served by an individual identified only by an illegible scribble, with no indication of their badge number, rank, or title. (*See* Doc. No. 8-2.) *Cf. Fernando C.C.*, 2026 WL 446408, at *5. Thus, Respondents violated 8 C.F.R. § 236.1(b)(1), and the warrant is invalid.

Fourth, Respondents did not comply with the requirements of section 287.8(c)(2)(iii). That regulation provides that, "[a]t the time of the arrest," the detaining officers must do the following two things: "(A) [i]dentify himself or herself as an immigration officer who is authorized to execute an arrest; and (B) [s]tate that the person is under arrest and the reason for the arrest." *Id.* § 287.8(c)(2)(iii). There is no evidence that any officer identified themselves to Jose H. or informed Jose H. that he "[wa]s under arrest and the reason for the arrest," as required by regulation. *See id.* § (c)(2)(iii). Absent any evidence that officers identified themselves to Jose H. and informed Jose H. of the reason for his detention, the Court concludes that Respondents violated the plain requirements of 8 C.F.R. § 287.8(c)(2)(iii).

Fifth, the detention preceded the issuance of a warrant, and Respondents did not comply with the requirements of a warrantless detention. The record presented establishes that Respondents took Jose H. into custody without a warrant. (Pet. ¶¶ 19–20; Doc. No. 8-2.) Therefore, Respondents must establish that both requirements of 8 U.S.C. § 1357(a)(2) were satisfied. Respondents have not done so.

Under the INA, absent a valid warrant (as here), Respondents may take a person into custody if there is probable cause "to believe that the [noncitizen] so arrested is [1] in

violation of any[] law or regulation [made in pursuance of law regulating the admission, exclusion, expulsion, or removal of noncitizens] and [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); *see also* 8 C.F.R. § 287.8 (c)(2)(ii) (stating that a warrant "shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained"); *U.S. v. Diaz-Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010) (concluding that the phrase "reason to believe" in section 1357(a)(2) means "constitutionally required probable cause"). Here, Respondents make no argument whatsoever that officers satisfied either prong of section 1357(a). (*See* Doc. No. 7.) Absent any argument, the Court necessarily concludes that Respondents have not established that at the time they initiated the detention, officers had probable cause to believe he was likely to escape.[6] In addition, and in contrast to the facts in *Quintana*, 623 F.3d at 1238, 1240–41, the record presented in this case establishes that Jose H. was cooperative with detaining agents, has no criminal history, and had no fraudulent identification or immigration documents in his possession. Thus, the Court concludes that Respondents violated section 1357(a)(2).

For each of these independent reasons, the detention of Jose H. is unlawful and immediate release is the appropriate remedy. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also, e.g.*, *Felix Alberto J.M. v. Blanche*, No.

[6] Given the conclusion that Respondents have not established the second prong of section 1357(a)(2), the Court need not determine whether Respondents established the first prong of this section.

26-CV-2944 (LMP/DLM), 2026 WL 1906596, at *5 (D. Minn. July 2, 2026) (concluding Respondents' detention of petitioner was invalid warrantless detention and petitioner was entitled to remedy of release); *Venancio P.J.*, 2026 WL 1862252, at *3 (same); *Hector J.A.S.*, 2026 WL 1243500, at *2 (ordering release of petitioner where respondents did not issue NTA until booking, well after taking the petitioner into custody); *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" when a person is taken into custody without a valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (ordering release because the Form I-200 was invalid); *Claudio A.A. v. Bondi*, No. 26-CV-742 (KMM/LIB), 2026 WL 468232, at *7 (D. Minn. Feb. 12, 2026) (concluding that failure to provide a warrant before taking a person into pursuant to section § 1226(a) is a violation of due process rights and collecting cases), *report and recommendation adopted*, No. 26-CV-742 (KMM/LIB), 2026 WL 478347 (D. Minn. Feb. 18, 2026); *Carlos F.P.P v. Blanche*, No. 26-CV-3123 (JWB/JFD), 2026 WL 2824801, at *7 (D. Minn. Sep. 21, 2026) (ordering release after finding that respondents did not follow § 1357 requirements of warrantless detention and § 1225 did not "independently authorize continuation of [petitioner's] custody").[7]

[7] Although the Court need not address the question whether Respondents' revocation of Jose H.'s 2022 parole without notice or process detention violates Jose H.'s due process rights under the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in his favor. Jose H. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting); the risk of erroneous deprivation through incarceration is needlessly high when available an inexpensive procedures protect against erroneous deprivations of liberty; and the federal government has very little interest in incarcerating individuals en masse who pose little or

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Jose H. immediately, without conditions, and in any event no later than 4:00 p.m. CT on October 23, 2026.

2. On or before 11:00 a.m. CT on October 24, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Jose H.

3. On or before 11:00 a.m. CT on October 24, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

---

no risk of flight or danger to the community like Jose H., who, by Respondents' own concession had no non-traffic-related criminal history and who had been conditionally paroled into the interior in 2022 upon a determination that he posed no such risks. Thus, Jose H.'s ongoing detention is also unlawful for this reason. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV-2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

4. Petitioner Jose H. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5. To the extent Petitioner Jose H. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 22, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court